UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TAMERA PRIGGEMEIER,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15-CV-00067-DBP<br><br>Magistrate Judge Dustin B. Pead |

**INTRODUCTION**

Pursuant to 28 U.S.C. §636(c), the parties have consented to United States Magistrate Judge Dustin Pead conducting all proceedings in this matter (Dkt. No. 12).  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Currently before the court is Plaintiff Tamera Priggemeier's ("Ms. Priggemeier") appeal of the Social Security Commissioner's (the "Commissioner") decision to deny her claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§401-433, and Supplemental Security Income under 42 U.S.C. §§1381-1383f (Dkt. No. 3).  Telephonic oral arguments were held on September 1, 2015 (Dkt. No. 24).

**BACKGROUND**

On February 25, 2015, Ms. Priggemeier filed her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of June 25, 2005 (A.R. 276-277, 278-285).  Ms. Priggemeier's claim was initially denied on June 8, 2010, and again upon reconsideration on August 20, 2010 (A.R. 135, 136, 137, 138).

Thereafter, pursuant to Ms. Priggemeier's request, an administrative hearing (A.R. 191-192) was held on March 21, 2012, in St. George, Utah before Administrative Law Judge Donald R. Jensen ("ALJ Jensen") (A.R. 71-107).  On April 13, 2012, ALJ Jensen issued a decision finding Ms. Priggemeier not disabled (A.R. 139-165), and Ms. Priggemeier appealed that decision to the Appeals Council (A.R. 226-228).

On February 25, 2015, the Appeals Council issued a decision remanding the case to the Administrative Law Judge ("ALJ") (A.R. 166-169).  A remand hearing was held on August 16, 2013, in St. George, Utah before ALJ Norman L. Bennett ("ALJ Bennett") (A.R. 38-63).  On August 18, 2013, ALJ Bennett issued his decision again finding Ms. Priggemeier not disabled (A.R. 17-37).

On February 2, 2015, Ms. Priggemeier brought an action before this court, appealing the Commissioner's decision pursuant to 24 U.S.C. §405(g) (Dkt. No. 16).

## **STANDARD OF REVIEW**

This court's review of the Commissioner's decision is limited to determining whether the findings are supported by "substantial evidence and whether the correct legal standards were applied."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Hackett v. Barnhart,* 395 F.3d 1168, 1172 (10th Cir. 2005).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (quotation omitted).  In conducting its review, this Court must evaluate the record as a whole and may neither reweigh the evidence, nor substitute its judgment for that of the Commissioner.  *Id*.

## **ANALYSIS**

Ms. Priggemeier raises two main issues on appeal.  First, she asserts the ALJ erred in failing to properly evaluate the medical opinions of her treating physician, Dr. Danny Worwood ("Dr.

2

Worwood") and her examining therapists, Dr. Paul Staheli ("Dr. Staheli") and Dr. Tim Kockler ("Dr. Kockler"). Second, Ms. Priggemeier contends the ALJ failed to include all of her impairments in his residual functional capacity ("RFC") assessment.

For the reasons set forth herein, the court concludes the ALJ erred in failing to properly evaluate the medical opinions of Drs. Staheli and Kockler and remands the matter for further consideration of this specific issue.

### Dr. Danny Worwood

Plaintiff argues the ALJ failed to properly support his decision to discount the opinions of her treating physician Dr. Worwood (A.R. 28) (Dkt. No. 16). In response, the Commissioner asserts that the ALJ appropriately provided multiple reasons for his decision to discount portions of Dr. Worwood's opinion and therefore no error occurred (Dkt. No. 17).

Upon review, the ALJ's decision affords Dr. Worwood's opinions "little to no weight" based upon a determination that the doctor's opinions were internally inconsistent and inconsistent with the record as a whole (A.R. 28); *Cmpr.* (AR 596, 612-615, 664-67). For example, the ALJ pointed to Dr. Worwood's claim that Ms. Priggemeier could sit for three hours at a time in an eight hour workday, and compared it with the doctor's assertion that Ms. Priggemeier needed unscheduled breaks lasting one to two hours (A.R. 28). Additionally, the ALJ compared Dr. Worwood's claim that Ms. Priggemeier had difficulty walking with statements in the record indicating she was able to walk several miles a day. *Id.*

Under the relevant standard of review, this court may not re-weigh evidence or second guess an ALJ's decision. Rather, the court's review is limited to a determination of whether there is substantial evidence in the record to support the conclusions made. Here, the court finds

substantial evidence to support the findings and the ALJ's decision to afford Dr. Worwood's opinion little weight (A.R. 28).

### Dr. Paul Staheli and Dr. Tim Kockler

Next, Ms. Priggemeier argues the ALJ failed to address the opinions of examining therapists Dr. Staheli and Dr. Kockler (Dkt. Nos. 16, 18).[1] In response, the Commissioner argues that no express analysis of either of the doctors' opinions was necessary since the doctors' findings were consistent with the ALJ's conclusions (Dkt. No. 17).

Both parties agree there is no error in failing to address opinions that are consistent with the ALJ's decision (Dkt. Nos. 16, 17, 18). Ms. Priggemeier, however, asserts that the opinions of Drs. Staheli and Kockler are *not* consistent with the ALJ's decision and therefore remand is required. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (under circumstances where "the ALJ does not need to reject or weight evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened."). As set forth in the record, testing performed by Dr. Staheli showed that Ms. Priggemeier exhibited borderline intellectual functioning, disorder of written expression and a mathematics disorder (A.R. 573-577). Similarly, testing by Dr. Kockler indicated that Ms. Priggemeier's limitations were related to her working memory and ultimately affected her performance of executive functioning tasks (A.R. 538).

If an ALJ does not give controlling weight to a treating physician, the ALJ is required to weigh all of the opinions in the record. 20 C.F.R. §416.927 (f)(2)(ii). Despite this requirement, in this case, the ALJ failed to provide discussion of how the opinions of Drs. Kockler and Staheli

---

[1] Dr. Kockler's conclusions are referenced in the ALJ's decision (A.R. 25), but the opinion lacks any express discussion of Dr. Staheli's opinions.

were weighed. Further, despite the doctors' findings, the ALJ made no specific limitation as to Ms. Priggemeier's memory issues and cannot adequately address those limitations through the application of a "simple work" limitation. *See generally, Chapo v. Astrue*, 682 F.3d 1285, 1290 n. 3 (10th Cir. 2012) (quoting *Wayland v. Chater,* Nos. 95-7029 & 95-7059, 1996 WL 50459, at * 212); *see also* POMS DI 25020.10. Further, the ALJ's failure to address the doctors' opinions or explain the weight applied, if any, raises concerns with the RFC articulated by the ALJ and the vocational expert's designation of occupations that appear inconsistent with Ms. Priggemeier's established impairments.[2]

Absent an explanation from the ALJ as to how Dr. Staheli and Dr. Kockler's opinions were weighed, there is a lack of substantial evidence to support a finding that the doctors' opinions were properly evaluated . As a result, the court remands the matter in order to weigh Dr, Staheli and Dr. Kockler's opinions as required under 20 C.F.R. §416.927(f)(2)(ii).

### **ORDER**

For the reasons set forth above, the court REMANDS this case to the Commissioner for specific consideration of the opinions of Dr. Staheli and Dr. Kockler and a determination as to whether the occupations identified as available to Ms. Priggemeier are appropriate in the context of these doctors' findings. The Court expresses no opinion about whether the ALJ's findings at any step of the evaluation process will change and does not express any opinion as to whether Ms. Priggemeier is or is not disabled.

---

[2] For example, despite Dr. Staheli and Dr. Kockler's determination that Ms. Priggemeier has a mathematics disorder and cannot manage her own finances (A.R. 539-540), the vocational expert recommended that Ms. Priggemeier would be qualified to work as a final assembler (optical industry), touchup screener, and a food and beverage order clerk (A.R. 29). A finding that Ms. Priggemeier can work as a food and beverage clerk seems in conflict with the doctors' diagnosis of a mathematics disorder and inability to manage finances.

**IT IS SO ORDERED.**

DATED this 21st of September, 2015.

_____
Dustin B. Pead
United States Magistrate Judge